# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ROBERTA NATASHA-LYNN SHAFFER** <br> 27100 Oakmead Dr. <br> Perrysburg, Ohio  43551 <br><br> Plaintiff, <br> v. <br><br> **CITY OF DEFIANCE, OHIO** <br> **Safety Department, Division of Police** <br> 324 Perry Street <br> Defiance, Ohio  43512 <br><br> and <br><br> **WHITNEY SCHALK,** <br> **individually and in her official capacity as Patrolman** <br> c/o City of Defiance, Ohio, Safety Department, Division of Police <br> 324 Perry Street <br> Defiance, Ohio  43512 <br><br> and <br><br> **ZACHARY HIGGINS,** <br> individually and in his official capacity as Patrolman <br> c/o City of Defiance, Ohio, Safety Department, Division of Police <br> 324 Perry Street <br> Defiance, Ohio  43512 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No. <br><br> Judge <br><br> **COMPLAINT; JURY DEMAND ENDORSED HEREON** <br><br> Francis J. Landry   (0006072) <br> **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP** <br> 1090 W. South Boundary St <br> Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone:  (419) 243-1239 <br> Facsimile:  (419) 243-2719 <br> Email: FLandry308@aol.com <br> Attorney for Plaintiff <br> Roberta Natasha-Lynn Shaffer |

Defendants.

* * * * * * * *

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343, 2201, and 2202. This action is also for a violation of 42 USC 1983 for deprivation of liberty and property interests without due process of law and without equal protection of the law.

## VENUE

2. Venue of this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, Robert Natasha-Lynn Shaffer ("Plaintiff" or "Shaffer"), is a transgender citizen of the United States and a resident of the City of Perrysburg, County of Wood, State of Ohio. Shaffer was formerly known as Robert Shaffer.

4. Defendant, City of Defiance, Safety Department, Division of Police is a governmental entity that provides for public safety in the City of Defiance, Ohio and is a person within the meaning of 42 U.S.C. Section 1983. Defendant is a municipal agency.

5. Defendant Whitney Schalk at all times material was a Patrolman employed by Defendant City of Defiance, Safety Department Division of Police.

6. Defendant, Zachary Higgins at all times material hereto was a Patrolman employed by Defendant City of Defiance, Safety Department Division of Police.

## NATURE OF THE CASE

7. Plaintiff brings this action for money damages for breach of contract and for deprivation of property interest in a job position held with the Paulding Exempted Village Schols

as a bus driver and liberty interest in Shaffer's reputation resulting from an improper arrest which was devoid of due process and devoid of providing Shaffer equal protection of law.

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff was an employee of the Paulding Exempted Village Schools as a bus driver and was employed under a collective bargaining agreement and had a property interest in this job position, and was well qualified for this position.

9. During Shaffer's employment with Defendant, Plaintiff was at all times meeting or exceeding Defendant's legitimate expectations.

10. On December 27, 2021, Defendants, acting by and through Defendants Schalk and Higgins, unlawfully arrested Plaintiff for OVI. This arrest was precipitated by a call from an individual who hated Plaintiff because of Plaintiff's looks. The Defendants, not even having observed Plaintiff's driving or erratic driving. Defendants however proceeded to pull Plaintiff over and engage in discriminatory conduct against Plaintiff due to claims of Plaintiff's looking like a girl. Plaintiff was and is a transgender person. Plaintiff was asked discriminatory belittling questions and was arrested for OVI despite there being no evidence to support these charges. As a result of these charges, Plaintiff was booked and arrested and endured months of having to be subjected to the pending charges. Plaintiff's car was searched and Plaintiff was restrained. After over four months of being subjected to these charges, they were dismissed. However, in the interim, the existence of these pending charges resulted in the termination of Plaintiff's union position by the Paulding Exempted School District where Plaintiff was a bus driver. Plaintiff was not given a breathalyzer despite a request and there was no evidence to support any suspicion of being under the influence of drugs at the time of the arrest. In addition, Plaintiff passed a pen test. Plaintiff was also restrained after the arrest and was taking prescription pills for muscle cramps

that could have affected Plaintiff's behavior. The Defendants at the time of the arrest did not inquire of Plaintiff regarding any medical conditions. The Defendants were aware or should have been aware that the person who called them regarding Plaintiff had a long criminal history and whose credibility was lacking. There was no inquiry made. Plaintiff was arrested and charged without probable cause.

11. Plaintiff states that the purported reasons advanced by Defendant in support of its arrest and charges were false and pretextual.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. 1983– Due Process

12. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eleven (11) of this Complaint, supra, by reference in its entirety as if fully restated herein.

13. Defendants at all times relevant to this action were acting under color of State Law.

14. Plaintiff states that defendant City of Defiance, Ohio, Safety Department, Division of Police is a municipality. At all times material hereto, Defendants were acting under the control of that department as a state actor. Furthermore, acting under color of state law, Defendants denied Plaintiff due process when it followed a custom and/or policy of improperly arresting Plaintiff for OVI without probable cause and to charge Plaintiff and to maintain charges pending for over four months. Defendants purported to follow its policies for arrest and detention. Plaintiff states that Defendants failed to conduct an adequate investigation into the events before arresting Plaintiff and filing charges and maintaining charges against Plaintiff. Defendants' actions resulted in Paulding Village Exempted Schools decision to terminate Plaintiff from Plaintiff's position as a bus driver for these false and scurrilous reasons and thereby severely damaged Plaintiff's

reputation as a bus driver and employee in the school community and, by reason thereof, denied Plaintiff of a liberty interest and property interest without due process of law. The actions of Defendants were taken against Plaintiff in violation of the Fourteenth Amendment to the Constitution of the United States.

15. At all times material hereto, Defendants acted pursuant to a policy or custom of Defendant City of Defiance, Ohio Safety Department, Division of Police in arresting and charging Plaintiff for OVI without probable cause and without conducting any investigation and for relying on a verbal report of an unreliable individual.

16. Defendants failed to adopt clear policies and failed to properly train its officers and personnel administrators as to their proper role in handling traffic arrest issues.

17. Defendants' policy or customs, and their failure to adopt clear arrest protocols, were a direct and proximate cause of the constitutional deprivations suffered by Plaintiff.

18. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of Plaintiff's liberty interest in a good reputation and in being subjected to an arrest and charges without due process of law. Plaintiff has also suffered the loss of a job position as a bus driver, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### CLAIM FOR RELIEF
### 42 U.S.C. 1983– Equal Protection

19. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eighteen (18) of this Complaint, supra, by reference in its entirety as if fully restated herein.

Case: 3:23-cv-02453-JRK  Doc #: 1  Filed: 12/27/23  6 of 7.  PageID #: 6

20. Defendants at all times relevant to this action were acting under color of State Law. Plaintiff states that defendant City of Defendant, Safety Department, Division of Police is a municipality. At all times material hereto, Defendants were acting under the control of that department as a state actor. Furthermore, acting under color of state law, Defendants denied Plaintiff of a property interest in a job position without due process when it followed a custom and/or policy of inadequately proceeding to arrest and charge Plaintiff for OVI without reason or cause, resulting in Plaintiff's loss of a bus driver's position at Paulding Exempted Village Schools. Plaintiff states that Defendants failed to conduct an adequate investigation Plaintiff situation before arresting and charging Plaintiff thereby severely damaged Plaintiff's reputation in the community as well as in Northwest Ohio.

21. Plaintiff was and is a transgender individual. This fact was known to the Defendants prior to Plaintiff's arrest and during Defendants' pursuit of OVI charges against Plaintiff all without probable cause. In charging and arresting Plaintiff, the Defendants discriminated against Plaintiff and similarly situated non-transgender individuals are not subjected to such demeaning arrests without reason or cause. Plaintiff was subject to clear and over profiling. The actions of Defendants were taken against Plaintiff in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

22. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of Plaintiff's liberty interest in a good reputation and in being subjected to an arrest and charges without due process of law. Plaintiff has also suffered the loss of job position as a bus driver, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment against Defendants for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus costs, interest and reasonable attorney fees.  Plaintiff also seeks prejudgment and post judgment interest. Plaintiff also seeks a name clearing hearing and an injunction against further false charges and against any refiling of dismissed charges.   Plaintiff further prays for whatever other legal or equitable relief Plaintiff may appear to be entitled to.

        Respectfully submitted,

        **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

        /s/Francis J. Landry
        Francis J. Landry, Attorney for
        Plaintiff, Roberta Natasha-Lynn Shaffer

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

        /s/Francis J. Landry
        Francis J. Landry